1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARDEN CITY BOXING CLUB, INC., | ) | CV-F-06-1276 OWW DLB |
| | ) | |
| | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | RE PLAINTIFF'S APPLICATION |
| Plaintiff, | ) | FOR DEFAULT JUDGMENT |
| | ) | [Doc. 15] |
| vs. | ) | |
| | ) | |
| ELVA DE JESUS ARANDA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On February 28, 2007, plaintiff filed the present motion for default judgment.  The

motion was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

## **LEGAL STANDARD**

Rule 55(b) of the Federal Rules of Civil Procedure provides that judgment by default

may be entered as follows:

> (1)    By the Clerk.  When the plaintiff's claim against a defendant is
> for a sum certain or for a sum which can by computation be made certain,
> the clerk upon request of the plaintiff and upon affidavit of the amount due
> shall enter judgment for that amount and costs against the defendant, if the
> defendant has been defaulted for failure to appear and if he is not an infant
> or incompetent person.

> (2)    By the Court.  In all other cases the party entitled to a judgment
> by default shall apply to the court therefor; but no judgment by default
> shall be entered against an infant or incompetent person unless represented
> in the action by a general guardian, committee, conservator, or other such

1

representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983);(*Telvideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).   Thus, "[u]pon entry of default, the facts alleged by the plaintiff are deemed admitted." 10 J. Moore *Moore's Federal Practice (3rd Ed.)* S 55.11(5) at pp. 55-18 ("Moore").

## DISCUSSION

Service of summons and the complaint in this action was made on defendants on January 11, 2007.   True and correct copies of the Proofs of Service were filed with this Court on January 29, 2007.

Defendants are not infants, incompetent persons, persons in military service or otherwise exempt from the default judgment under the Soldiers and Sailors Default Relief Act of 1940.

A clerk's default was entered hereon on February 14, 2007.

Plaintiff seeks judgment pursuant to 47 U.S.C. Section 605 and 47 U.S.C. Section 553 against defendants for unlawful interception, receiving, and exhibiting the *Oscar De La Hoya v. Bernard Hopkins World Middleweight Championship Fight Program* of September 18, 2004.  Plaintiff also alleges state law claims for Conversion.

47 U.S.C. section 553 provides as follows:

(a) Unauthorized interception or receipt or assistance in intercepting or receiving service;  "assist in intercepting or receiving" defined

2

(1) No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

(2) For the purpose of this section, the term "assist in intercepting or receiving" shall include the manufacture or distribution of equipment intended by the manufacturer or distributor (as the case may be) for unauthorized reception of any communications service offered over a cable system in violation of subparagraph (1).

(b) Penalties for willful violation

(1) Any person who willfully violates subsection (a)(1) of this section shall be fined not more than $1,000 or imprisoned for not more than 6 months, or both.

(2) Any person who violates subsection (a)(1) of this section willfully and for purposes of commercial advantage or private financial gain shall be fined not more than $50,000 or imprisoned for not more than 2 years, or both, for the first such offense and shall be fined not more than $100,000 or imprisoned for not more than 5 years, or both, for any subsequent offense.

(3) For purposes of all penalties and remedies established for violations of subsection (a)(1) of this section, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation.

(c) Civil action in district court;  injunctions;  damages;  attorney's fees and costs;  regulation by States or franchising authorities

(1) Any person aggrieved by any violation of subsection (a)(1) of this section may bring a civil action in a United States district court or in any other court of competent jurisdiction.

(2) The court may--

(A) grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a)(1) of this section;

(B) award damages as described in paragraph (3);  and

(C) direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

(3)(A) Damages awarded by any court under this section shall be computed in accordance with either of the following clauses:

(i) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages;  in determining the violator's profits, the party aggrieved shall be

3

required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation;  or

(ii) the party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just.

(B) In any case in which the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory under subparagraph (A), by an amount of not more than $50,000.

(C) In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $100.

(D) Nothing in this subchapter shall prevent any State or franchising authority from enacting or enforcing laws, consistent with this section, regarding the unauthorized interception or reception of any cable service or other communications service.

47 U.S.C. section 605 provides in pertinent part as follows:

(a) Practices prohibited
Except as authorized by chapter 119, Title 18, no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney, (2) to a person employed or authorized to forward such communication to its destination, (3) to proper accounting or distributing officers of the various communicating centers over which the communication may be passed, (4) to the master of a ship under whom he is serving, (5) in response to a subpena issued by a court of competent jurisdiction, or (6) on demand of other lawful authority.  No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.  No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.  No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. This section shall not apply to the receiving, divulging, publishing, or

4

utilizing the contents of any radio communication which is transmitted by any station for the use of the general public, which relates to ships, aircraft, vehicles, or persons in distress, or which is transmitted by an amateur radio station operator or by a citizens band radio operator.

. . .

(e) Penalties; civil actions; remedies; attorney's fees and costs; computation of damages; regulation by State and local authorities

(1) Any person who willfully violates subsection (a) of this section shall be fined not more than $2,000 or imprisoned for not more than 6 months, or both.

(2) Any person who violates subsection (a) of this section willfully and for purposes of direct or indirect commercial advantage or private financial gain shall be fined not more than $50,000 or imprisoned for not more than 2 years, or both, for the first such conviction and shall be fined not more than $100,000 or imprisoned for not more than 5 years, or both, for any subsequent conviction.

(3)(A) Any person aggrieved by any violation of subsection (a) of this section or paragraph (4) of this subsection may bring a civil action in a United States district court or in any other court of competent jurisdiction.

(B) The court--

(i) may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of this section;

(ii) may award damages as described in subparagraph (C);  and

(iii) shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

(C)(i) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;

(I) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages;  in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation;  or

(II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

5

(ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

(iii) In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.

(4) Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by subsection (a) of this section, shall be fined not more than $500,000 for each violation, or imprisoned for not more than 5 years for each violation, or both.  For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation.

(5) The penalties under this subsection shall be in addition to those prescribed under any other provision of this subchapter.

Having read and considered the declarations, pleadings and exhibits to the present motion, the undersigned RECOMMENDS that judgment be entered in this action against the defendants, and RECOMMENDS that damages in the total amount of $23,000.00 be fixed as follows:

1)    For violation of 47 U.S.C. section 605, the sum of $10,000;

2)    For violation of 47 U.S.C. section 553, the sum of $10,000; and

3)    For violation of 47 U.S.C. sections 553(c)(3)(B) and 605(e)(3)(C)(ii), the sum of $3,000.

In recommending the amount of damages outlined above, the Court notes that plaintiff has not provided the court with any information regarding defendants profit from their wrongdoing or any details regarding the number of customer's at the establishment at the time of the boxing event.  Therefore, the Court recommends a smaller amount of damages than plaintiff seeks.  The total recommended sum is $25,000.00.

This report and recommendation is submitted to the Honorable Oliver W. Wanger,

6

1  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B)

2  and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern

3  District of California.  Within thirty days (plus three days if served by mail) after being

4  served with a copy, any party may serve on opposing counsel and file with the court written

5  objections to such proposed findings and recommendations.  Such a document should be

6  captioned "Objections to Magistrate Judge's Report and Recommendations."  Replies to the

7  objections shall be served and filed within ten (10) days (plus three days if served by mail)

8  after service of the objections.  The Court will then review the Magistrate Judge's ruling

9  pursuant to 28 U.S.C. § 636 (b)(1).

10

11       IT IS SO ORDERED.

12       **Dated:  __April 23, 2007__**              _____ **/s/ Dennis L. Beck** _____
                                                     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28